[Dkt. Ents. 127, 133]

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW JERSEY**

**CAMDEN VICINAGE**

| | |
|---|---|
| ENGINES, INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>MAN ENGINES & COMPONENTS, INC.,<br><br>        Defendant. | Civil No. 10-277 (RMB/KMW)<br><br>**MEMORANDUM ORDER** |

THIS MATTER comes before the Court upon the plaintiff Engines, Inc.'s ("Engines'") motion to strike the jury demand [Dkt. Ent. 127] and motions in limine [Dkt. Ent. 133]. For the following reasons, the Court grants Engines' motion to strike and reserves on its motions in limine.

**I. Motion to Strike the Jury Demand**

Engines relies upon the jury waiver clause in the dealer agreement ("Dealer Agreement") that is at the heart of this litigation.[1] The waiver, contained at paragraph 41 and written in bold and capital letters, states:

---

[1] Because the Court writes primarily for the parties, it discusses only those facts relevant to its analysis.

> **41. Waiver of Trial by Jury. THE PARTIES HEREBY KNOWINGLY WAIVE THEIR RESPECTIVE RIGHTS TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION LITIGATED IN ANY COURT BASED UPON, WITH RESPECT TO, IN CONNECTION WITH, OR ARISING OUT OF THIS AGREEMENT, ANY OTHER MATTER CONCERNING OR RELATING TO THE BUSINESS RELATIONSHIP BETWEEN MEC AND DEALER, AND ANY AND ALL OTHER COMMON LAW AND STATUTORY CLAIMS. IN THE EVENT OF LITIGATION, A COPY OF THIS AGREEMENT MAY BE FILED AS A WRITTEN CONSENT TO A TRIAL BY THE COURT.**

(Dealer Agreement, Ex. A to Pecan Cert., Dkt. Ent. 127-4.)

MAN opposes the motion, arguing that Engines expressly waived the jury waiver provision when its counsel executed the Joint Final Pretrial Order with the caption "Jury Trial Demanded" on the first page. MAN further claims that because Engines waited until after the filing of the Joint Final Pretrial Order and only weeks before trial to seek enforcement of the jury waiver provision, Engines therefore waived its right to press compliance with Paragraph 41.

As an initial matter, since neither party has contested the validity of the waiver clause, the Court therefore does not address this issue. See <u>Quinn Const., Inc. v. Skanska USA Bldg, Inc.</u>, Civ. No. 07-406, 201 WL 4909587, *2 n.1 (E.D. Pa. Nov. 30, 2010). MAN has never disputed that the waiver was knowingly and intelligently made. Indeed, MAN drafted the waiver provision itself. Its language, in bold and capital letters, is conspicuous within the Dealer Agreement.

Although MAN ridicules Engines' claim that it only recently

discovered the waiver provision, this criticism applies equally to MAN. Both parties have conducted this litigation as if their disputes would be tried before a jury. Numerous colloquies with the Court bear this out. (See, e.g., MAN's Opp. Br. 8-16.) Yet, MAN knew or should have known that it had waived its right to a jury. Its jury demand was therefore ineffective. See, e.g. Quinn Construction, 2010 WL 4909587 at *4 (noting that since plaintiff had "explicitly waived its jury right via contract" it had "no pre-existing right to make a demand" under Federal Rule of Civil Procedure 38, and therefore its demand was "without effect" under Rule 39); Fed. R. Civ. P. 39(a)(2) ("When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless the court . . . finds that . . . there is no federal right to a jury trial."). Accordingly, this matter will proceed to trial before the Court.

    The Court rejects MAN's argument that Engines waived the jury waiver provision when the parties signed the Joint Final Pretrial Order containing the words "Jury Trial Demanded" in its caption. Paragraph 34 of the Dealer Agreement permits the parties to waive a provision in the Agreement only if the parties sign a written instrument to that effect. It also provides that a party's delay in exercising a "right, power, or privilege" under the Dealer Agreement does not operate as a waiver:

> 34. **Amendments and Waivers**.  This Agreement may be amended, modified, superseded, canceled, renewed, or extended, and <u>the terms and conditions hereof may be waived, only by a written instrument signed by each of the parties</u> or, in the case of a waiver, by the party waiving compliance.  <u>No delay on the part of any party in exercising any right, power, or privilege hereunder shall operate as a waiver thereof</u>, nor shall any waiver on the part of any party of any right, power, or privilege hereunder, nor any single or partial exercise of any right, power, or privilege hereunder, preclude any other or further exercise thereof or the exercise of any other right, power, or privilege hereunder. . . .

(Dealer Agreement ¶ 34 (emphasis added).)

The filing of the Joint Final Pretrial Order ("Pretrial Order") does not meet Paragraph 34's requirements.  The caption - "Jury Trial Demanded" - merely indicates that at least one of the parties demanded a jury trial.  There is nothing in the Pretrial Order suggesting that Engines was in fact waiving the jury waiver provision in the Dealer Agreement.  In fact, the Pretrial Order includes instructions for both jury and non-jury trials.  Part IX is entitled "Non-Jury Trials (<u>If Applicable</u>)", and Part X is entitled "Jury Trials (<u>If Applicable</u>)".  (Pretrial Order, Dkt. Ent. 117, at 72 (emphasis added).)

Finally, the Court rejects MAN's contention that Engines waited too long to file its motion to strike the jury demand, and

4

it should therefore be barred from raising this issue.[2] The Court construes this as a laches argument and thus considers whether MAN has shown (1) "inexcusable delay" by Engines, and (2) "prejudice" to MAN as a result of the delay. Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 226 (3d Cir. 2007). The Third Circuit has recognized that "[p]arties have a great deal of latitude on the timing of motions to strike a jury demand. Since a court has the power to act sua sponte at any time under Rule 39, it follows that a court has the discretion to permit a motion to strike a jury demand at any time, even on the eve of trial." Tracinda, 502 F.3d at 226 (citation and quotations omitted). Since "a party may file a motion to strike a jury demand at any time under Rule 39(a)," the Court concludes that Engines did not commit inexcusable delay by filing this motion after the close of discovery, three weeks before trial. See Tracinda, 502 F.3d at 227 (finding that defendant had not committed inexcusable delay by filing its motion to strike the jury demand after the close of discovery); United States v. Schoenborn, 860 F.2d 1448 (8th Cir. 1988) (affirming district court's grant of a motion to strike the

---

[2] Contrary to MAN's analysis, federal law governs this matter, not Florida law. See Daimler Chrysler Financial Services LLC v. Woodbridge Dodge, Inc., Civ. No. 06-5225, 2009 WL 2152083, *7 (D.N.J. July 14, 2009)("In federal actions based on diversity jurisdiction, the right to a jury trial and, relatedly, the validity of a contractual waiver provision, must be determined as a matter of federal law.") (citing Simler v. Connor, 372 U.S. 221, 222 (1963) and In re City of Phila. Litig., 158 F.3d 723, 726 (3d Cir. 1998)).

5

jury demand, which had been filed one week before trial).

The Court next considers whether the timing of Engines' motion to strike caused prejudice to MAN. Although MAN makes the vague assertion that it would have conducted discovery differently had it known this matter would not be tried before a jury, it is difficult to understand why that is so. As Engines points out, MAN conducted some of its depositions prior to the filing of its jury demand. Indeed, all of MAN's depositions were presumably conducted prior to the close of discovery and the filing of the Pretrial Order, which, according to MAN, served as its notice that Engines had waived the jury waiver provision. The Court also notes that MAN, having drafted the jury waiver provision itself, should have been on notice that this case would be tried by the Court. Moreover, even before Engines filed its motion to strike, MAN knew that certain issues would be resolved by the Court, _i.e._, the applicability of the New Jersey Franchise Practices Act. It is therefore clear that MAN has not suffered prejudice. Accordingly, the Court rejects MAN's laches argument and grants Engines' motion to strike.

**II. Motion in Limine and Request for Adjournment**

Because this matter will be tried before the Court, the Court will address Engines' motions in limine [Dkt. Ent. 133] as they become relevant during the course of the trial.

In its reply papers on the motion to strike, Engines seeks a

continuance of the trial date.  This request is denied.  Trial shall commence, as scheduled, on February 27, 2012.

ACCORDINGLY, IT IS on this **22nd** day of **February 2012** hereby

**ORDERED** that Engines' motion to strike the jury demand is **GRANTED** [Dkt. Ent. 127]; and it is further

**ORDERED** that the Court reserves judgment on Engines' motions in limine [Dkt. Ent. 133].

                                    s/Renée Marie Bumb
                                    RENÉE MARIE BUMB
                                    United States District Judge